Howard SEIBER, et al.

v.

Steve COOPER, et al.

Civ. No. 3–81–222.

United States District Court,
E. D. Tennessee, N. D.

Aug. 5, 1981.

Peter Alliman, Knoxville, Tenn., for plaintiffs.

George H. Buxton, III, Oak Ridge, Tenn., for Gibson & Ledbetter.

R. Bruce Ray, Jamestown, Tenn., for Fentress County and Cooper.

Bruce D. Fox, Clinton, Tenn., for Ashburn.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Three motions are pending in this Civil Rights case. The first two were filed on behalf of Morgan County and Fentress County, respectively. They seek dismissal on the ground that the complaint fails to allege sufficient official action on the part of either county to bring them within the rule announced in *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff argues that 42 U.S.C. § 1988[1] incorporates into federal law T.C.A. § 8–8–302[2] which exposes a county to liability for the acts of deputy sheriffs "acting by virtue of, or under color of his office." Therefore, the plaintiff contends Tennessee has by statute removed the impediment to vicarious liability of the counties recognized by the Supreme Court in *Monell, supra,* and rendered them amenable to a § 1983 action based on the wrongs of their deputies.

Though appealing, the argument was squarely rejected by the Supreme Court in *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). In that case, petitioners had sought to hold the County of Alameda vicariously liable for the acts of a deputy sheriff. The district court dismissed the case against the county on the theory that under *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) the county was not a "person" within the meaning of 42 U.S.C. § 1983 and that therefore the civil rights claims against it were barred. The Supreme Court ultimately affirmed. 411 U.S. at 710, 93 S.Ct. at 1796. The Court concluded that the thrust of § 1988 is remedial and its scope could not be expanded to "authorize the wholesale importation into federal law of state causes of action—not even one purportedly designed for the protection of federal civil rights." 411 U.S. 703–704, 93 S.Ct. 1792–1793 [footnote omitted].

The Court also rejected petitioners' argument on the ground that imposition of vicarious liability on the County "would seem to be less than consistent with this Court's prior holding in *Monroe v. Pape*, 365 U.S. at 187–191, 81 S.Ct. at 484–486, that Congress did not intend to render municipal corporations liable to federal civil rights claims under § 1983." 411 U.S. at 706, 93 S.Ct. at

---

1. 42 U.S.C. § 1988 provides, in pertinent part:
 ... [I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of said cause....

2. T.C.A. § 8–8–302 provides:
 Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue of, or under color of his office.

1794. Therefore, acceptance of petitioners' theory would clearly exceed the limitation contained in § 1988 that any state law to be applied not be inconsistent with the Constitution and laws of the United States.

Though the *Moor* Court relied heavily on *Monroe v. Pape*, it is clear that the result on this issue has not been affected by *Monell, supra*, and its progeny. *Monell* removed immunity of a municipal corporation where the alleged injury is inflicted directly by the execution of a city or county government's policy or custom. 436 U.S. at 694, 98 S.Ct. at 2037. A municipal corporation still cannot be held liable solely on a theory of *respondeat superior*. As the Court pointed out in *Monell*, 436 U.S. at 701 n. 66, 98 S.Ct. at 2041 n. 66:

> Nothing we say today affects the conclusion reached in *Moor*...that 42 U.S.C. § 1988 cannot be used to create a federal cause of action where § 1983 does not otherwise provide one....

 We conclude that *Moor v. County of Alameda, supra*, dictates dismissal of plaintiff's action against Morgan and Fentress Counties insofar as it is based on T.C.A. § 8–8–302 and 42 U.S.C. § 1988. Since there is no allegation in the complaint that plaintiff's alleged injuries were caused directly by the execution of official governmental policy or custom as required by *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037, we are constrained to hold that plaintiff has failed to state a claim against either county for which relief may be granted under § 1983.

Accordingly, it is ORDERED that the Motions of Morgan County and Fentress County be, and the same hereby are, sustained. Since plaintiff was granted a hearing on these motions, his Motion for an oral hearing is moot.

Order accordingly.